Amarjit KANDA; Anita Rani, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73194.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Amarjit Kanda, San Jose, CA, pro se.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anita Rani, San Jose, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Susan Houser, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Amarjit Kanda and Anita Rani, husband and wife and natives and citizens of India, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's decision denying their applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence the BIA's findings, *see Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition.

The BIA relied on sufficiently individualized State Department country profile reports as to the current treatment of Sikhs in Punjab, and substantial evidence supports the BIA's determination that, even assuming past persecution, respondent rebutted the presumption of a well-founded fear of persecution through an individualized analysis of changed conditions in Punjab. *See Garcia-Martinez v. Ashcroft,* 371 F.3d 1066, 1074 (9th Cir.

2004) (requiring individualized analysis of how changed country conditions affect specific petitioner's situation); *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998–1000 (9th Cir.2003) (substantial evidence supported BIA's determination that government rebutted presumption of well-founded fear based on sufficiently individualized State Department country profile report).

Because petitioners failed to demonstrate that they were eligible for asylum, it follows that they did not satisfy the more stringent standard for withholding of deportation. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). In addition, substantial evidence supports the BIA's denial of relief under the CAT. *See id.* at 1157.

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.